UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>ISSAC FELIX-RIVERA, )<br>    Defendant. )<br>) | CRIMINAL ACTION<br>NO.: 19-CR-10459-RWZ |

**DEFENDANT ISSAC FELIX-RIVERA'S EMERGENCY MOTION
FOR REVOCATION AND/OR AMENDMENT OF DETENTION ORDER
AND THIRD REQUEST FOR AN EXPEDITED HEARING**

Pursuant to 18 U.S.C. § 3145(b), defendant Issac Felix-Rivera moves this Honorable Court, by and through undersigned counsel, to revoke or amend the detention order imposed by Chief U.S. Magistrate Judge Hennessey on January 16, 2020[1] as soon as possible. Mr. Rivera initially filed his Motion for Revocation and/or Amendment of his Detention Order Mr. Rivera on January 26, 2020. See Dkt. # 386. Mr. Rivera filed a Supplemental Motion for Revocation and/or Amendment of his Detention Order with the transcripts from his detention hearing on March 12, 2020. See Dkt. # 599. In both filings Mr. Rivera requested an expedited hearing pursuant to 18 U.S.C. § 3145(b) which requires motions to vacate or amend to be determined "promptly".

---

[1] Chief U.S. Magistrate Judge Hennessey has not entered a written order in this case as required by 18 U.S.C. § 3142(i). Instead, he made his findings at the end of the detention hearing. Undersigned counsel filed the transcripts of the detention hearing on March 12, 2020. See Exhibits to Dkt. # 599.

Today, undersigned counsel learned, upon information and belief, that Mr. Rivera's preexisting chronic asthma condition has deteriorated and, as a result, he is using his Symbicort inhaler much more frequently in recent weeks. Upon information and belief, he is also experiencing shortness of breath when he walks short distances which is substantially worse than before he was detained. Moreover, while, upon information and belief, he does not have a fever or other flu-like symptoms, his chronic asthma places him at a higher risk for severe illness See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fspecific-groups%2Fhigh-risk-complications.html.

Currently Mr. Rivera is housed at the Wyatt Detention Center with three other detainees in very close proximity to each other and, although he has purchased his own soap to wash his own hands, he is very concerned that the other detainees in his cell are not observing the same level of hygiene. As such, Mr. Rivera now finds himself in an unhealthy and extremely risky situation.

Mr. Rivera can and should be removed from this unhealthy and risky environment because there are conditions of release that will allow this Court to find that he is not a danger to any other person or the community if released under 18 U.S.C. § 3142(c). See 18 U.S.C. § 3142(a)(2).

Indeed, just today, the Supreme Judicial Court declared in a case involving a motion to stay the execution of a sentence that the arrival of the COVID-19 pandemic in Massachusetts is a "fundamental change in circumstances" that permits a judge to reconsider a motion to stay execution "in light of the rapidly changing situation arising from the COVID-19 pandemic." See Christie v. Commonwealth (SJC 12927 April 1, 2020) attached hereto as Exhibit "A".

In <u>Christie</u>, the Supreme Judicial Court stated, in pertinent part:

[B]ecause of the arrival of the COVID-19 pandemic in Massachusetts, the exponential spread of the virus, and the particular danger of transmission of the virus to persons in custody who cannot realistically engage in social distancing, a fundamental change in circumstances had occurred between the date when the single justice denied the motion (February 26) and the date when the judge decided the new motion to stay (March 23). Therefore, it was error for the judge not to reconsider the defendant's motion to stay execution of sentence in light of the rapidly changing situation arising from the COVID-19 pandemic. We therefore remand this matter to the Superior Court to permit such reconsideration.

The Court explained its rationale for its decision as follows:

We also note that the health risks to persons in custody arising from this pandemic require that we adjust the analysis applied to motions to stay the execution of sentence pending appeal. In ordinary times, in considering the second factor, a judge should focus on the danger to other persons and the community arising from the defendant's risk of reoffense. See Cohen, 456 Mass. at 132; Hodge, 380 Mass. at 855. In these extraordinary times, a judge deciding whether to grant a stay should consider not only the risk to others if the defendant were to be released and reoffend, but also the health risk to the defendant if the defendant were to remain in custody. In evaluating this risk, a judge should consider both the general risk associated with preventing COVID-19 transmission and minimizing its spread in correctional institutions to inmates and prison staff and the specific risk to the defendant, in view of his or her age and existing medical conditions, that would heighten the chance of death or serious illness if the defendant were to contract the virus.

In addition to those factors, in this particular case, it is important that the judge give careful consideration to the circumstances under which the defendant would quarantine if he were to be released. The defendant proffers that a friend has agreed to house him if he were to be released from custody, despite the risk that the defendant might have been exposed to the COVID-19 virus. On remand, the defendant should address questions raised during the appellate oral argument regarding the actual availability of such a residence where he might be safely quarantined and the suitability of such a residence if it were available. The facts regarding these matters were not fully developed at the time of oral argument and should be presented more fully to the motion judge. The motion judge should recognize that, because of the pandemic, and because time is of the essence, it may not be realistic to conduct the usual due diligence to provide assurances of availability and suitability, but that should not prevent the judge from relying on the information that reasonably can be provided under the circumstances.

Mr. Rivera will not repeat here what he has previously stated in his prior filings but

incorporates by reference herein the basis for his release and the conditions that can be imposed should he be released. Most importantly, his aunt is still willing and able to permit him to reside with her should he be released and, if necessary, quarantined. Moreover, Mr. Rivera notes that U.S. Probation previously determined that his aunt's home is suitable for his release and that there are sufficient conditions for his release. Accordingly, Mr. Rivera respectfully submits that Chief Magistrate Judge Hennessy's ruling should be revoked or amended so Mr. Rivera can be released on the conditions this Court deems sufficient. Time is of the essence in this matter.

WHEREFORE, Mr. Rivera respectfully requests that this Court schedule this matter for an immediate hearing by videoconference, telephone conference or any means necessary to address this serious risk to Mr. Rivera's health.

Respectfully submitted,
For Defendant,
ISSAC FELIX-RIVERA
By his attorneys,
LAWSON & WEITZEN, LLP


  /s/ Scott P. Lopez
Scott P. Lopez, BBO # 549556
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA  02210
(617) 439-4990 (tel)
(617) 439-3987 (fax)
splopez@lawson-weitzen.com

Dated:  April 1, 2020

LOCAL RULE 7.1 CERTIFICATION

  I hereby certify that I have conferred with AUSA Philip Mallard by electronic mail on April 1, 2020 in a good faith attempt to resolve or narrow the issues in this motion.

             /s/ Scott P. Lopez
             Scott P. Lopez

CERTIFICATE OF SERVICE

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 1, 2020.

             /s/ Scott P. Lopez
             Scott P. Lopez